# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**FILED**

APR 30 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
 )  Case No.  2:13-SW-0279  CKD
USPS Express Mail Parcel, EI 278335237 US )
addressed to "Jason Harrell, 7617 Black Bear dr, )
Antelope, CA 95843" )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the _____EASTERN_____ District of _____CALIFORNIA_____, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. section 841(a); | Distribution and possession with intent to distribute a controlled substance; |
| 21 U.S.C. section 843(b); | Illegal use of the mails in furtherance of narcotic trafficking; and |
| 21 U.S.C. section 846 | Attempt and conspiracy to commit the foregoing offenses |

The application is based on these facts:

See Affidavit of Postal Inspector Roxanne LeMaire in Support of Search Warrant

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____Roxanne LeMaire_____
*Applicant's signature*

Roxanne LeMaire, Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 04/26/2013

_____Carolyn K. Delaney_____
*Judge's signature*

City and state: Sacramento, California            Hon. Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT OF ROXANNE LeMAIRE
IN SUPPORT OF APPLICATION
FOR A SEARCH WARRANT

I, Roxanne LeMaire, do swear and affirm as follows:

A. **Sources of Information**

1. This Affidavit is made in support of a search warrant for a USPS Express Mail Parcel, EI 278335237 US addressed to "Jason Harrell, 7617 Black Bear dr, Antelope, CA 95843" (hereinafter referred to as "THE PARCEL.")  The return address is "Matthew Shoe, 1321 Imperial dr Apt D, Troy, OH 45333." THE PARCEL is in the temporary custody of the United States Postal Inspection Service ("USPIS") and is described more particularly in Attachment A, which is attached hereto and fully incorporated herein.

2. The investigation involves the use of United States Mail to transport and distribute controlled substances or the proceeds of the sale thereof.  Specifically, there is probable cause to believe that THE PARCEL contains evidence, fruits, or instrumentalities of violations of Title 21, United States Code, Sections 841(a) (distribution and possession with intent to distribute, a controlled substance), 843(b) (illegal use of the mails in furtherance of narcotic trafficking), and 846 (attempt and conspiracy to commit the foregoing offenses.)  The evidence, fruits, and instrumentalities to be searched for and seized are more fully described in Attachment B, which is attached hereto and incorporated fully herein.

1

### B. Affiant Background and Experience

3. I am a United States Postal Inspector assigned to investigate the unlawful transportation of contraband, including Title 21 controlled substances, and proceeds of the sale of controlled substances, through the United States Mail. I have been a Postal Inspector since February 2006 and I am assigned to the Sacramento Domicile, San Francisco Division, of the United States Postal Inspection Service. I have attended the United States Postal Inspection Service Basic Inspector Training in Potomac, Maryland. I have had the following education and training relating to this warrant: I have received formal instruction from U.S. Postal Inspectors, and other law enforcement officers who have done extensive work in investigating the sale, distribution, and manufacture of controlled substances. I have completed an on-line and a 40-hour classroom Prohibited Mailings Narcotics training program through the United States Postal Inspection Service.

4. As a federal law enforcement officer, I am authorized to investigate violations of laws of the United States and authorized to execute search and arrest warrants under the authority of the United States.

5. My conclusions are based on facts set forth in this Affidavit, which I learned from my personal investigations and from other investigators in this case. The statements and conclusions in this Affidavit are also based on my training and experience, as well as on information relayed to me by other federal, state, and local law enforcement officers. As this Affidavit is being submitted for the limited purpose of securing a search warrant, I

have set forth only the facts I believe are necessary to establish that probable cause exists to believe that evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841 (a), 843(b), and 846 will be found in THE PARCEL.

### C. Applicable Statutes

6. Pursuant to 21 U.S.C. § 841(a), "it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, dispense, or possess with the intent to manufacture, distribute, or dispense a controlled substance."

7. Pursuant to 21 U.S.C. § 843, "it shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection. For the purpose of this subsection, the term 'communication facility' means any and all public and private instrumentalities used or useful in the transmission of writing, signs, signals, pictures, or sounds of all kinds and includes, mail, telephone, wire, radio, and all other means of communication."

8. Pursuant to 21 U.S.C. § 846, "it shall be unlawful for any person to attempt to conspire to commit any offense defined in this subchapter."

### D. Methods and Means of Using the U.S. Mails

9. Based on my experience, training, and discussion with other law enforcement officers experienced in drug investigations, I know that certain indicators exist when persons use the United States Mail to ship controlled substances from one location to another. Indicators for parcels that contain controlled substances and/or proceeds from controlled substances include, but are not limited to, the following:

      a. It is common practice for shippers of the controlled substances to use Express Mail and Priority Mail because the drugs arrive at the destination more quickly and on a predictable date. Express Mail and Priority Mail, when paired with a special service such as delivery confirmation, allow traffickers to monitor the progress of the shipment of controlled substances. Traffickers pay for the benefit of being able to confirm the delivery of the parcel by checking the U.S. Postal Service Internet website and/or calling the local post office.

      b. These packages in many instances contain a fictitious return address, incomplete return address, no return address, a return address that is the same as the addressee address, or a return address that does not match the place from which the parcel was mailed. These packages are also sometimes addressed to or from a commercial mail receiving agency (*e.g.*, Mail Boxes Etc.). A shipper sometimes mails the parcel containing controlled substances from an area different from the return

address on the parcel because either 1) the return address is fictitious; and/or 2) the shipper is attempting to conceal the actual location from which the parcel was mailed. These practices are used by narcotics traffickers to hide from law enforcement officials the true identity of the person(s) shipping and/or receiving the controlled substances.

c. Individuals involved in the trafficking of controlled substances through the United States mail will send and receive Express mailings on a more frequent basis than a normal postal customer. Drug traffickers exhibit a higher rate of using Express Mail due to their frequent exchanges of controlled substances and the proceeds from the sale of these controlled substances.

d. In order to conceal the distinctive smell of controlled substances from narcotics detector dogs, these packages tend to be wrapped excessively in bubble-pack and wrapping plastic, and are sometimes sealed with the use of tape around all seams. In addition, the parcels often contain other parcels which are carefully sealed to prevent the escape of odors. Perfumes, coffee, dryer sheets, tobacco, or other substances with strong odors are also sometimes used to mask the odor of the controlled substances being shipped. Recently, several parcels of interdicted mail have been found to contain heat/vacuum sealed plastic baggies, and/or re-sealed cans containing controlled substances.

e. California is a source state for drugs. It is common for individuals in California to mail parcels containing narcotics to other states and then receive mail parcels containing cash payments in return.

10. I know from my training and from discussions with other law enforcement officers that controlled substances, proceeds from the sales of these controlled substances, and other indicia are likely to be found during parcel interdictions.

11. I know from my training and from discussions with other law enforcement that these parcels sometimes contain information and documentation related to the sales and distribution of controlled substances. The documentation can include, but is not limited to, information and instructions on the breakdown and distribution of the controlled substances at the destination; information on the use and effects of the various controlled substances; information about the actual sender; and information and instructions for ordering future controlled substances.

12. Drug traffickers who use the U.S. Mail and other carriers as a means of distributing controlled substances and as a means of communicating with co-conspirators often include the following in parcels relating to their trafficking activity, all of which are evidence, fruits, and/or instrumentalities of violations of Title 21, United States Code, Sections 841(a), 843(b), and 846:

- Controlled substances, including heroin, hashish, cocaine, methamphetamine, marijuana, and steroids;

- Packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor;

- Records reflecting the mailing or receipt of packages through Express Mail, Priority Mail, Federal Express, UPS or any other common carrier;

- United States and foreign currency, securities, precious metals, jewelry, stocks, and bonds, in amounts exceeding $ 500;

- Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed; records reflecting or relating to co-conspirators, including personal notes, correspondence, cables, personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and co-conspirators in controlled substances trafficking activities.

13. Narcotics canines are trained to detect the presence of an odor of a controlled substance, which may include items that have been in contact with a controlled substance,

including money. Additionally, there are factors that can affect a canine's ability to detect the scent of controlled substances. Some methods used to defeat detection by narcotics canines include masking agents, the method of packing controlled substances, and the ambient temperature.

### E. Facts Supporting Probable Cause

14. On April 23, 2013, your affiant was notified of a suspicious parcel mailed from Troy, OH to Sacramento, CA.

   a. THE PARCEL was sent by Express Mail with which has a tracking service that allows the sender, recipient or anyone else with the tracking number to identify the parcel's location in the mail stream.

   b. A search for the return address on THE PARCEL, "Matthew Shoe, 1321 Imperial dr Apt D, Troy, OH 45373" was conducted using Accurint, a database that law enforcement utilizes to verify names and addresses. That search did not find a person by the name of Matthew Shoe associated with the address. Based on my training, experience, and conversations with other law enforcement officers, I know that individuals trafficking controlled substances or proceeds from controlled substances

8

will often use fictitious names, previous addresses, or abbreviations in names and addresses in an effort to remain anonymous.

c. A search for the recipient address on THE PARCEL "Jason Harrell. 7617 Black Bear dr, Antelope, CA 95843" was conducted using Accurint, a database that law enforcement utilizes to verify names and addresses. That search did not find a person by the name Jason Harrell associated with the address. Based on my training, experience, and conversations with other law enforcement officers, I know that individuals trafficking controlled substances or proceeds from controlled substances will often use fictitious names, previous addresses, or abbreviations in names and addresses in an effort to remain anonymous.

d. THE PARCEL has a waiver of signature that appears to have been signed Matthew Shoe. With a waiver of signature, this means the sender wants the package to be delivered regardless if someone is home. This tactic is done to elude law enforcement from knowing the person who actually accepted the parcel.

15. On April 23, 2013, Sacramento County Sheriff Detective Chris Rogers utilized his narcotic trained canine "Maya" to sniff THE PARCEL. At the time, THE PARCEL was

9

located in the HIDTA Office. THE PARCEL was placed in an empty office among other office items and furniture. At approximately 10:20 am, Detective Rogers led Maya to the area where the package was located and removed her leash. Maya searched the room without being led and was able to wander and search the area alone while Detective Rogers stood outside the search area to observe Maya. When Maya came to the area where the THE PARCEL was located, Detective Rogers related to me that Maya visibly and positively alerted and reacted consistent with the odor of narcotics or drug proceeds emanating from the package.

16. Detective Rogers has worked for the Sheriff's Department for over 28 years and has trained both protection and narcotics canines for over 17 years. Detective Rogers advised that "Maya" exhibited a change in behavior, a positive alert, for the presence of an odor commonly associated with controlled substances/and or proceeds. Below is a true and correct summary provided by Detective Rogers which sets forth Maya's training and experience in detecting narcotics.

17. Maya is a six-year-old female yellow Labrador retriever. She has been assigned to the Narcotics Investigation Division since August of 2006. Maya has certified 100% proficient in five consecutive annual certifications.  She is certified in the detection of Marijuana, Heroin, Methamphetamine, and Cocaine by California Narcotic Canine Association evaluator Scott Blom and Texas' World Wide K9 Inc. Rob Hawkins.  Maya was last certified on December 12, 2012. Since Maya's initial certification, she has completed over 1000 hours of training. Maya's "alert"

consists of physical and/or mental reactions which include a heightened emotional state, scratching, and/or biting at the location where the narcotic odor is emanating from. Maya is very ball driven and will immediately look to her handler for the toy after scratching. Maya is constantly involved in weekly training sessions where known controlled substances, containers, and/or paraphernalia are routinely hidden. Additionally, "proofing" exercises are conducted to ensure "Maya" does not alert to items such as: food, tape, baggies, gloves, plastic wrap, circulated, and non-circulated currency. Because Maya does not alert to the odor of money and is frequently tested or "Proofed" to ensure this, it is the opinion of Detective Rogers that her alert was based on the odor of a narcotic substance for which she is trained to detect. This odor, in residual form (billionths of a gram), is present on everyday circulated U.S. currency but not in the amount Maya has been trained to detect. Therefore, it is the opinion of Detective Rogers that based on Maya's positive alert, the parcel contains either drugs or currency that has been recently subjected to or stored with one of the narcotic substances Maya is trained to detect and is thus grossly contaminated. Maya regularly trains on houses, buses, vehicles, trains, planes, parcels and suitcases.

18. Currently THE PARCEL is in my possession in the Eastern District of California.

### F. Conclusion

19. Based on the facts set forth in this Affidavit, I believe there is probable cause that evidence, fruits, or instrumentalities of violations of Title 21, United States Code, Sections

11

841(a), 843(b), and 846 are concealed in THE PARCEL addressed to "Jason Harrell, 7617 Black Bear dr, Antelope, CA 95843."

20. Accordingly, I respectfully, request the issuance of a search warrant directing the search of THE PARCEL described in the Attachment A for the items described in Attachment B and seizure of those items.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge, information, and belief.

Roxanne LeMaire
U.S. Postal Inspector

Subscribed to and sworn before me this 26th day of April 2013,

United States Magistrate Judge
Honorable Carolyn K. Delaney

Approved as to form:

Assistant U.S. Attorney
Justin Lee

12

## ATTACHMENT A

### Description of the Parcel to be Searched

One USPS Express Mail Parcel, measuring approximately 15" x 9" weighing approximately 14 ounces, sent via Express Mail with tracking number EI 278335237 US. THE PARCEL is addressed to "Jason Harrell, 7617 Black Bear dr, Antelope, CA 95843" with a return address of "Matthew Shoe, 1321 Imperial dr Apt D, Troy, OH 45373." THE PARCEL bears a postage validation imprinter ("PVI") strip dated Apr 22, 13, with meter number 00051868-06, mailed from zip code 45373, in the amount of $19.95 in the upper right hand corner of the envelope. The recipient address and the return address are hand-written in black ink. THE PARCEL is currently in my possession in the Eastern District of California.

## ATTACHMENT B

### List of Items to be Seized

The following items constitute evidence, fruits, and instrumentalities of violations of Title 21, United States Code, Sections 841(a), 843, and 846.

1. Controlled substances of any kind, including but not limited to tar heroin, cocaine, methamphetamine, and/or marijuana;

2. Packing, packaging, baggies, and cutting agents, including items used to conceal the odor of narcotics, such as perfumes, coffee, dryer sheets, tobacco, or other substances with a strong odor;

3. Any and all records reflecting the sending or receiving of packages through Express Mail, Priority Mail, Federal Express, UPS, or any other common carriers;

4. United States and foreign currency, securities, precious metals, jewelry, stocks, bonds, in amounts exceeding $500 US dollars, that are proceeds, evidence, or instrumentalities of violations of Title 21, United States Code, Sections 841(a), 843, and 846;

5. Records reflecting or relating to the transporting, ordering, purchasing, and/or distribution of controlled substances, including but not limited to books, receipts, notes, ledgers, pay and owe sheets, correspondence, records noting price, quantity, date and/or times when controlled substances were purchased, possessed, transferred, distributed, sold or concealed; and

6. Records reflecting or relating to co-conspirators, including but not limited to personal notes, correspondence, cables, telegrams,

personal address lists, listings of telephone numbers, and other items reflecting names, addresses, telephone numbers, communications, and illegal activities of associates and conspirators in controlled substance trafficking activities, which are evidence, fruits, and/or instrumentalities of violations of Title 21, United States Code, Sections 841(a), 843, and 846.